UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(BOSTON DIVISION)

| | | |
|---|---|---|
| Al Hamra Trading Est., | : | No.: 1:09-cv-11989 |
| Plaintiff, | : | |
| v. | : | |
| First Choice Armor and Equipment, Inc., | : | |
| Defendant. | : | |

## COMPLAINT

1. This is an action to recover damages arising from Defendant First Choice Armor and Equipment, Inc.'s ("First Choice") conduct in refusing to deliver 900 ballistic vests to Plaintiff Al Hamra Trading Est. ("Al Hamra"), despite having been paid, in full, for such vests.

2. As alleged herein, Al Hamra sought to obtain approximately 3,000 ballistic vests for use by the Iraqi Special Operations Forces. In the Fall of 2008, First Choice agreed to sell Al Hamra 3,000 ballistic vests for $2,925,000.00, a cost of $975 per vest. With an additional $55,000.00 charge for shipping, the total to be paid by Al Hamra to First Choice was $2,980,000.00.

3. At the insistence of First Choice and in a departure from usual business practice, Al Hamra paid First Choice the full $2,980,000.00 in advance of complete delivery. Despite this, First Choice has refused to deliver 900 of the 3,000 vests paid for by Al Hamra ignoring Al Hamra's requests for delivery and refund.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because (a) Plaintiff is a corporation incorporated under the laws of the United Arab Emirates with its principal place of business in Abu Dhabi, United Arab Emirates; (b) Defendant is a corporation incorporated under the laws of Massachusetts with its last known principal place of business in Braintree, Massachusetts; and (c) the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant is a resident within this judicial district.

## PARTIES

6. Plaintiff Al Hamra Trading Est. is a corporation incorporated under the laws of the United Arab Emirates with its principal place of business at Khalifa Street, Sheik Sudoor Al Dhariri Bldg., 15 floor, flate #1502, Abu Dhabi, United Arab Emirates, UAE.  Al Hamra engages in international trade.

7. Defendant First Choice Armor and Equipment, Inc. is a corporation incorporated under the laws of Massachusetts with its last known principal place of business at 50 Braintree Hill Office Park, Suite 103, Braintree, Massachusetts, 02184.  Among other things, First Choice manufactures and sells protective equipment, including personal ballistic vests.

## BACKGROUND

8. In the Fall of 2008, Al Hamra sought to obtain approximately 3,000 ballistic vests for use by the Iraqi Special Operations Forces.

9. By letter dated September 24, 2008, First Choice certif[ied] that we … will supply Tradenet Middle East Offshore S.A.L. the following items through our partner Al Hamra Trading

Establishment:

| COLOR | QTY | DESCRIPTION OF ITEM | CODE NUMBER |
|---|---|---|---|
| Black | 3000 | Ballistic Vest with break-away system in accordance with the National Institute of Justice (NIJ) protection level IIIA, with groin and collar protection | DAC Spec LE Tactical Molle Vest |

10. On September 26, 2008, First Choice issued to Al Hamra a Pro Forma dated September 25, 2008, invoice # 34049, which offered to purchase of the ballistic vests pursuant to the following terms:

| Terms | Quan | Style | Model | Size | Color | Price Ea | Amount |
|---|---|---|---|---|---|---|---|
| Prepaid | 3,000 | DAC LE | MF10NS, LEV IIIA | LG – Regular | Black | $975.00 | $2,925,000.00 |

Subtotal:     $2,925,000.00  
Freight:      $55,000.00  
Total Price   $2,980,000.00

11. On October 6, 2008, Al Hamra issued its Letter Purchase Order 120/2008, which specified as follows: "With reference to your pro-forma invoice no. 34049 dated September 25, 2008, you are kindly requested to supply us the following:

| Model | Style | Size | Color | Unit Price USD $ | Qty | US$ Total |
|---|---|---|---|---|---|---|
| MF10NS; LEV IIIA | DAC LE | LG-Regular | Black | 975 | 3,000 | 2,925,000.00 |

                                              Freight        55,000.00  
                                          Grand Total    2,980,000.00"

12. Collectively, the September 24, 2008 Letter, the September 25, 2008 Pro Forma, and LPO 120/2008 (all of which are attached hereto as Exhibit A) constitute a contract for the purchase of ballistic vests between First Choice and Al Hamra.

13. Prior to delivery, First Choice required that Al Hamra pay it in advance for the purchase of the ballistic vests.

14. During October, 2008, Al Hamra paid First Choice $97,500.00 for the first 100 vests, which First Choice delivered, leaving 2,900 vests remaining to be paid for and delivered.

15. On or about October 31, 2008, Al Hamra paid First Choice a 10% deposit of approximately $292,500.00 for the 2,900 vests yet to be delivered.

16. On or about November 21, 2008, Al Hamra paid First Choice an additional $1,000,000 deposit for the 2,900 vests yet to be delivered.

17. Following the $1,000,000.00 deposit, Al Hamra made subsequent payments to First Choice in December of 2008 totaling approximately $700,000.00.

18. By email dated December 18, 2008 from First Choice to Al Hamra, First Choice advised Al Hamra that the "wire due for final shipment" totaled $857,025.00.

19. On December 19, 2008, First Choice advised Al Hamra that the balance due on the vests was $835,025.00 and the balance due on shipping was approximately $47,000.00, leaving a total final amount due of $882,025.00, to be paid in advance of delivery.

20. On or about January 12, 2009, Al Hamra paid First Choice the total final amount due of $882,025.00.

21. Al Hamra has paid First Choice the total amount of $2,980,000.00, which, pursuant to the agreement, was the contracted price for 3,000 vests.

22. To date, and despite repeated requests that it do so, First Choice has refused to deliver 900 ballistic vests to Al Hamra.

23. To date, and despite repeated requests to do so, First Choice has refused to refund Al Hamra $924,500.00 Al Hamra paid to First Choice for the 900 vests, plus associated shipping.

24. To date, and despite repeated requests to do so, First Choice has not provided Al Hamra with shipping invoices related to approximately $47,000.00 in shipping costs.

25. Without these shipping invoices, Al Hamra cannot be reimbursed by its client.

26. As a result of First Choice's refusal to deliver 900 vests, Al Hamra has incurred damages of

$924,500.00, plus interest thereon.

27. Upon information and belief, First Choice directly contracted with and was paid by Al Hamra's customer, Tradenet Middle East Offshore S.A.L., to purchase a number of ballistic vests which were already ordered and paid for by Al Hamra, resulting in First Choice being paid twice for the same ballistic vests.

## COUNT I – BREACH OF CONTRACT

28. Plaintiff re-alleges and incorporates herein by reference all of the preceding numbered paragraphs of this Complaint.

29. First Choice and Al Hamra entered into a written agreement to purchase and supply 3,000 ballistic vests.

30. First Choice has breached its contractual obligation by refusing to deliver to Al Hamra 900 of the 3,000 ballistic vests agreed to by the parties.

31. The written agreement between First Choice and Al Hamra also required that First Choice provide Al Hamra with proof of shipping costs.

32. First Choice has breached its contractual obligation by failing to deliver all of the paid shipping invoices to Al Hamra.

33. At all times relevant hereto, Al Hamra has complied with all of its contractual obligations.

34. As a direct and proximate result of First Choice's breaches of its contractual obligations, Al Hamra has suffered damages in the amount of $924,500.00, plus interest thereon.

WHEREFORE, Al Hamra Trading Est. requests judgment against First Choice Armor and Equipment, Inc. in the amount of $924,500.00, plus interest thereon.

## COUNT II – UNJUST ENRICHMENT

35. Plaintiff re-alleges and incorporates herein by reference all of the preceding numbered

paragraphs of this Complaint.

36. Pursuant to the contract between the parties, Al Hamra paid First Choice approximately $2,980,000.00 for 3,000 vests, including shipping costs.

37. First Choice has failed to deliver 900 of the 3,000 vests.

38. Al Hamra paid First Choice approximately $877,500.00 for the 900 undelivered vests, plus associated shipping costs of $25,000.00.

39. Because it accepted payment for vests it did not deliver and shipments it did not make, First Choice has been unjustly enriched in the amount of approximately $902,500.00.

WHEREFORE, Al Hamra Trading Est. requests judgment against First Choice Armor and Equipment, Inc. in the amount of $902,500.00, plus interest thereon.

## COUNT III – FRAUD

40. Plaintiff re-alleges and incorporates herein by reference all of the preceding numbered paragraphs of this Complaint.

41. On or about December 19, 2008, First Choice required that Al Hambra pre-pay it the amount of $902,500.00 before First Choice would deliver the remainder of the ballistic vests.

42. Upon information and belief, in December of 2008, First Choice was the subject of an investigation by a series of federal and state government agencies, including, but not limited to the United States Department of Justice, regarding fraudulent conduct involving the sales of ballistic vests.

43. As a result of that investigation, on August 3, 2009, the United States Department of Justice filed a civil complaint in the United States District Court for the District of Columbia, 1:09-cv-01458-RWR, against First Choice, its founder Edward Dovner, its sole shareholder and named President Karen Herman who is also Dovner's wife, and other related entities alleging

violations of the False Claims Act, 31 U.S.C. § 3729(a)(1), breach of contract, payment by mistake, unjust enrichment, and fraudulent conveyance under the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3304(a)(1) and (b)(1).

44. Upon information and belief, during the pendency of the aforementioned investigation the owners, officers and directors of First Choice purposefully denuded First Choice of its assets through a series of improper and illegal transactions.

45. Despite the pending investigation and its precarious financial condition, First Choice fraudulently induced Al Hamra to pre-pay for ballistic vests -- having no intention of delivery of such vests to Al Hamra.

46. On or about January 12, 2009 Al Hamra relied upon First Choice's fraudulent conduct to its detriment by making payment of $902,500.00.

47. By its actions, First Choice has defrauded Al Hamra of $902,500.00.

WHEREFORE, Al Hamra Trading Est. requests judgment against First Choice Armor and Equipment, Inc. in the amount of $902,500.00, plus interest thereon, punitive damages, equitable relief, costs of suit, attorneys fees and any other relief to which it may be entitled to under the law.

## COUNT IV – VIOLATION OF M.G.L. CH. 93A

48. Plaintiff re-alleges and incorporates herein by reference all of the preceding numbered paragraphs of this Complaint.

49. First Choice and Al Hamra were engaged in trade and commerce with a substantial nexus to Massachusetts.

50. By its actions as alleged herein, including but not limited to demanding payment prior to delivery with the promise of delivery even though it had no intention of actually making

- 8 -

delivery, First Choice has engaged in unlawful and deceptive trade practices vis-à-vis Al Hamra in violation of Massachusetts General Laws chapter 93A, § 11.

51. First Choice acted willfully and knowingly when it engaged in such unlawful and deceptive trade practices.

52. First Choice's willful and knowing unlawful and deceptive trade practices caused Al Hamra to make payment prior to delivery in a manner that is different from the way it otherwise conducts business.

53. First Choice's willful and knowing unlawful and deceptive trade practices were unethical and unscrupulous within the realm of arm's length business transactions.

54. As a result of First Choice's willful and knowing unlawful and deceptive trade practices, Al Hamra lost $902,500.00.

WHEREFORE, Al Hamra Trading Est. requests judgment against First Choice Armor and Equipment, Inc. in the amount of $902,500.00, plus interest thereon, treble damages, costs of suit, attorneys fees and any other relief to which it may be entitled to under the law.

DATED: November 20, 2009.

> s/ George M. Linge
> George M. Linge (BBO# 648199)
> REED SMITH LLP
> Reed Smith Centre, 225 Fifth Avenue
> Pittsburgh, PA  15222-2716
> Telephone:   +1 412 288 3131
> Facsimile:    +1 412 288 3063
>
> *Counsel for Plaintiff*
> *Al Hamra Trading Est.*